E-FILED
Wednesday, 22 March, 2017 02:51:45 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CORDELL SANDERS, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>WARDEN MICHAEL MELVIN, et al., )<br>)<br>Defendants. ) | No.: 16-cv-1366-JBM |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se, pursues a § 1983 action for deliberate indifference to his serious medical needs and inhumane conditions of confinement at the Pontiac Correctional Center ("Pontiac"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff alleges that he has been diagnosed Seriously Mentally Ill ("SMI") with Intermittent Explosive Disorder ("IED"), which causes him to have angry outbursts. He alleges that he has wrongfully been held in disciplinary isolation for eight years due to the outbursts associated with his mental illness. Plaintiff claims that Defendants Andrea Moss, Dr. Marano, Kelly Haag, Todd Nelson, Linda Duckworth and Stephan Lanterman, Pontiac mental health

professionals, have failed to provide him a personalized treatment plan.  He also claims that he has not received psychotherapy since May 27, 2016, and that this has contributed to his self-mutilation and suicide attempts.  Plaintiff alleges that Warden Melvin has refused to eliminate or reduce his segregation time and has refused to allow him outdoor exercise due to his segregation status.

Plaintiff alleges additionally, that Defendants Moss was aware that he was suicidal, but refused to see him.  He also alleges that Defendant Moss wrongfully placed on suicide watch.  Plaintiff alleges that inmates are "required" to self-mutilate or threaten suicide simply to be seen by a mental health professional.  He alleges that Defendants Melvin, and Kennedy have been deliberately indifferent by not allowing him to possess an inhaler.  Plaintiff claims that he is asthmatic and that Defendant Melvin and Kennedy's refusal to allow segregation inmates to possess an inhaler is "unfair and dangerous".

Plaintiff also alleges inhumane conditions of confinement.  He claims that in June 2016, Defendants Melvin and Kennedy had a Plexiglas covering placed over his perforated steel door, resulting in inadequate airflow.  Plaintiff alleges that this has exacerbated his asthma and further affected his mental state.  He also claims that the lack of airflow has caused mold to develop in his cell.

Plaintiff has disclosed that he is a 3-striker.  The Prison Litigation Reform Act (PLRA), 28 U.S.C. section 1915(g), commonly referred to as the "three strikes" law, bars a prisoner or detainee from bringing a civil action if he has on three or more occasions, while incarcerated, brought an action or appeal in federal court that was dismissed a frivolous, malicious or failed to state a claim upon which  relief may be granted unless the prisoner/detainee is "under imminent danger of serious physical injury."  Plaintiff was assessed a strike in *Sanders v. Pouk*, No. 14-

1066 (C.D.Ill., dismissed March 21, 2014); *Sanders v. Hamilton*, No. 15-1236 (C.D.Ill., dismissed July 14, 2015) and *Sanders v. Malkowski*, No. 10-4685 (N.D.Ill., dismissed August 16, 2010). Since Plaintiff has three strikes, he may proceed in forma pauperis only if his pleadings establish that he is under imminent danger of serious physical injury. He has failed to accomplish this. The only allegation remotely probative is his self-serving statement that inmates are "required" to self-mutilate or threaten suicide simply to be seen by a mental health professional.

Plaintiff alleges that he has threatened suicide but that he has wrongfully been placed on suicide watch. He also alleges that he has been held in disciplinary isolation for eight years due to the outburst associated with his mental illness, the only claim clearly associated with his mental illness. Plaintiff claims the self-mutilation was done so that he would receive mental health treatment. The most reasonable inference arising from the gestalt of these allegations is that Plaintiff's self-mutilation is volitional and unlike his alleged outbursts, not caused by his mental illness. As unfortunate as it is, Plaintiff has chosen to self-mutilate to get the attention of a mental health professional, this does not establish that he is in imminent danger.

In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), the "threat or prison condition [must be] real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed. *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003). *Smith v. Alvarez*, 898 F. Supp. 2d 1057, 1063 (N.D. Ill. 2012) ("where an inmate is the cause of the conditions about which he complains, any constitutional claim is rendered tenuous.") Here, Plaintiff's claims of self-mutilation are volitional and do not meet the imminent danger requirement of § 1915(g).

**IT IS THEREFORE ORDERED:**

1. Plaintiff's October 6, 2016, grant of *in forma pauperis* status is REVOKED. Plaintiff will have 21 days in which to pay the $400 filing fee or this case will be dismissed.

2. Plaintiff's motion for appointment of counsel [6] is DENIED as Plaintiff has provided no evidence that he attempted to obtain counsel on his own. *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). In the event Plaintiff renews his motion for appointment of counsel, he should list the attorneys to whom he wrote and should attach any letters sent to or received from those attorneys.

3. Plaintiff's motions for status [7], [8] and motion for merit review hearing [9], are rendered MOOT by this order.


 3/22/2017                                              s/Joe Billy McDade
ENTERED                                                JOE BILLY McDADE
                                                       UNITED STATES DISTRICT JUDGE