E-FILED
Thursday, 09 November, 2017 03:09:15 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CORDELL SANDERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 16-cv-1366-JBM |
| WARDEN MICHAEL MELVIN, et al., | ) ) ) |
| Defendants. | ) |

## AMENDED MERIT REVIEW ORDER

Plaintiff, proceeding pro se, filed a complaint under § 1983 alleging deliberate indifference to his serious medical needs and inhumane conditions of confinement at the Pontiac Correctional Center ("Pontiac"). Plaintiff had accumulated three strikes for filing frivolous claims, and requested leave to proceed in forma pauperis, without pre paying the filing fee. Due to his 3-strike status, Plaintiff's request was reviewed under 28 U.S.C.§1915(g), which provides that a 3-strike plaintiff may not proceed *in forma pauperis* unless "under imminent danger of serious physical injury." On March 22, 2017, the Court issued its merit review order, dismissing all claims, finding that Plaintiff had not established imminent danger. The Seventh Circuit Court of Appeals vacated in part, and remanded back for further proceedings.

The Seventh Circuit agreed that Plaintiff had failed to plead imminent danger as to his claim that Defendants Melvin, and Kennedy exacerbated his asthma by refusing to allow him to possess an inhaler asthma while in segregation. The Court also found that Plaintiff had failed to plead imminent danger in his claim that Defendants Melvin and Kennedy subjected him to unconstitutional conditions of confinement when they placed a Plexiglas covering over his door. Plaintiffs additional claim that Defendants Melvin, Moss, Marano, Haag, Nelson, Duckworth and Lanterman failed to provide him a personalized treatment plan or outdoor exercise appears

1

precluded by the Appellate Court's ruling that a damages claim of a general "deteriorating mental state" fails to establish a physical injury under §1915(g). This ruling is also applied to Plaintiff's claim that conditions in isolation have contributed to a general deterioration in his mental state. These claims are dismissed.

The Seventh Circuit found, however, that Plaintiff had sufficiently pled imminent danger in his claim that his serious mental health needs had been so ignored by Defendants Moss, Haag and Marano that the only way to receive treatment was to engage in self-harm. Plaintiff has alleged, further, that Defendants Moss, a mental health professional, refused to see him even though aware that Plaintiff was suicidal. Plaintiff makes the additional claim that Defendant Moss placed him on suicide watch when he was not suicidal and had alleged suicidal ideation only to receive care.

This case will procced on Plaintiff's deliberate indifference claim against Defendants Moss, Haag and Marano, only.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed solely on the federal claim(s) identified herein. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15. Defendants Melvin, Nelson, Duckworth, Lanterman and Kennedy are DISMISSED.

2. The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

3.      If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

4.      Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

5.      Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

6.      Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

3

7.  Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

8.  Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

11/9/2017
ENTERED

s/Joe Billy McDade
JOE BILLY McDADE
UNITED STATES DISTRICT JUDGE