IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CORDELL SANDERS, | |
| Plaintiff, | 16-CV-1366 |
| v. | Hon. Joe Billy McDade |
| ANDREA MOSS *et al.*, | Hon. Jonathan E. Hawley |
| Defendants. | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff Cordell Sanders hereby moves for leave to file the proposed Amended Complaint attached hereto as **Exhibit A**. In support of this motion, Mr. Sanders states as follows:

**PROCEDURAL BACKGROUND**

1. On September 29, 2016, Mr. Sanders filed a *pro se* complaint asserting claims against Defendants Andrea Moss, Daidra Marano, Kelly Haag, Todd Nelson, Linda Duckworth, Stephan Lanterman, Michael Melvin, and Teri Kennedy (collectively "Defendants") under 42 U.S.C. § 1983 for violation of his constitutional rights. Specifically, Mr. Sanders alleged Defendants were liable for deliberate indifference to his serious medical needs, and for the inhumane conditions of confinement he experienced while incarcerated at Pontiac Correctional Center ("Pontiac"). Dkt. 1.

2. The same day, Mr. Sanders filed a Petition to Proceed *In Forma Pauperis*. Dkt. No. 3. On October 6, 2016, the Court granted Mr. Sanders' Petition, and directed him to make monthly installment payments until the $350 filing fee was paid in full. Dkt. 5.

3. Between November 1, 2016 and March 20, 2017, Mr. Sanders filed (a) a Motion to Request Counsel; (b) two Motions for Status Updates; and (c) a Motion for Hearing. Dkt. 6-9.

4. On March 22, 2017, the Court issued a Merit Review Order revoking Mr. Sanders' *in forma pauperis* status, holding that he had not established he was "under imminent danger of serious physical injury" so as to satisfy the exception to 28 U.S.C. § 1915(g). Dkt. 10. The Court ordered Mr. Sanders to pay the $400 filing fee within 21 days to avoid dismissal and denied his Motion for Appointment of Counsel. *Id.*

5. Mr. Sanders filed a Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e) on March 30, 2017, Dkt. 11, which the Court denied the following day.

6. After denying two subsequent Motions for Appointment of Counsel because of Mr. Sanders' inability to pay the filing fee, the Court dismissed this case without prejudice and entered judgment on May 1, 2017. Dkt. 20. Thereafter, Mr. Sanders appealed from the final judgment to the United States Court of Appeals for the Seventh Circuit ("Seventh Circuit") on May 3, 2017. Dkt. 22.

7. On October 17, 2017, the Seventh Circuit vacated the Court's judgment and remanded this case, holding that Mr. Sanders' complaint set forth sufficient allegations of imminent, serious physical harm to proceed *in forma pauperis* under Section 1915(g).

8. The Court issued an Amended Merit Review Order on November 9, 2017. Dkt. 34. Based on its understanding that the Seventh Circuit's reasoning extended only to Defendants Moss, Haag, and Marano, and that dismissal of the other Defendants was appropriate under Rule 1915(g), the Court held that "[t]his case will proceed on Plaintiff's deliberate indifference claim against Defendants Moss, Haag and Marano, only." *Id.* at 2. The Court dismissed Defendants Melvin, Nelson, Duckworth, Lanterman, and Kennedy. *Id.*

9.	Mr. Sanders filed a Motion for Reconsideration under Federal Rule of Civil Procedure 60 on December 1, 2017.  Dkt. 38.  The Court denied that motion on December 4, 2017.

10.	Mr. Sanders retained the undersigned counsel to represent him on May 15, 2018. Two days later, Mr. Sanders filed a Motion to Schedule Status Conference with Newly-Retained Counsel, expressly stating his intent "to seek leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a), and to move for an extension of the discovery schedule to accommodate the amended pleading and permit counsel to get up to speed in this case." Dkt. 60 at ¶ 5.

11.	On May 30, 2018, noting that Mr. Sanders is newly represented by counsel, the Court referred the case to Magistrate Judge Jonathan E. Hawley.

12.	On June 4, 2018, Mr. Sanders' newly-retained counsel paid the $350 filing fee, and Mr. Sanders is no longer proceeding *in forma pauperis*.

13.	Following a Status Conference on June 26, 2018, the Court ordered the parties to confer regarding a Motion for Leave to Amend the Complaint and to submit a proposed discovery plan on or before July 26, 2018.  On July 26, 2018, the parties filed a Proposed Agreed Discovery Plan with a deadline of August 10, 2018 for filing the instant motion.

## BASIS FOR REQUESTED AMENDMENT

14.	Mr. Sanders' proposed Amended Complaint details the inadequate medical care and abominable conditions of confinement he experienced while incarcerated at Pontiac from October 2007 to September 2017. The deliberate indifference to his medical needs and deplorable conditions of confinement culminated in Mr. Sanders' self-mutilation and multiple

ACTIVE 234839705

suicide attempts between October 27, 2015 and July 24, 2016. *See, e.g.*, Ex. A at ¶¶ 1, 49-50, 73.

15. Mr. Sanders' proposed amendment would reinstate his claims against Defendants Melvin, Nelson, Duckworth, Lanterman, and Kennedy, and would add Wexford Health Sources, Inc. ("Wexford"), John Baldwin, and Jacqueline Lashbrook as defendants.

16. Defendants Melvin and Kennedy, who served as wardens at Pontiac, are responsible for the abominable conditions of confinement that had a profound and adverse effect on Mr. Sanders psychologically and physically. Defendants Nelson, Duckworth, and Lanterman, social workers assigned to Mr. Sanders' cell block, failed to ensure Mr. Sanders received adequate mental health treatment, instead consciously disregarding his repeated pleas for help. Their conduct demonstrated deliberate indifference to Mr. Sanders' safety and medical needs. As such, they are necessary defendants in this action.

17. Similarly, Wexford is a necessary defendant in this action because it promulgated unconstitutional policies, or permitted unconstitutional practices to flourish at Menard, pursuant to which Mr. Sanders was denied appropriate mental health treatment. *Monell v. Department of Social Serv.*, 436 U.S. 658 (1978).

18. Alternatively, Wexford is a necessary defendant in this action because it is vicariously liable for the unconstitutional acts of its employees (Defendants Moss, Marano, Haag, Nelson, Duckworth, and Lanterman). *See Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 793–95 (7th Cir. 2014); amicus brief filed in *Gaston v. Ghosh*, Nos. 17-3618 and 18-1281, ECF No. 32 (7th Cir. June 26, 2018).

19. Defendant Baldwin is a necessary defendant in this action because, in his official capacity as the Acting Director of the Illinois Department of Corrections, he is the proper

4

defendant for Mr. Sanders' claim for relief under Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("Rehabilitation Act").

20. Finally, Defendant Lashbrook is a necessary defendant in this action because, as the warden of Menard Correctional Center, she acts under color of law and is the appropriate defendant in a suit for injunctive relief. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) ("Though Gonzalez does not allege any specific involvement by Gaetz in the treatment of his hernia, the warden of Menard is a proper defendant since Gonzalez seeks injunctive relief.").

21. In the Court's Amended Merit Review Order, it held that Mr. Sanders could not proceed on his claims against Defendants Melvin, Nelson, Duckworth, Lanterman, and Kennedy under Section 1915(g) because he had failed to sufficiently plead imminent danger as to those claims. Because Mr. Sanders has now paid the filing fee, he no longer proceeds *in forma pauperis*, so Section 1915(g) no longer governs this case. *See, e.g.*, *Isby v. Brown*, 856 F.3d 508, 520 (7th Cir. 2017) ("By its terms, § 1915(g) does not preclude a prisoner from bringing suit in federal court entirely; rather, the prisoner *may either prepay in full all filing fees* or make a showing of imminent danger of serious physical injury in order to proceed with a federal suit.") (emphasis added); *Mangel v. City of Poteet, Texas*, No. SA–09–CV–0401 XR, 2009 WL 2019245, at *1 (W.D. Tex. July 10, 2009); *Braun v. Stotts*, No. CIV. A. 93–3118–GTV, 1997 WL 383034, at *1 n.1 (D. Kan. June 19, 1997).

22. Mr. Sanders' Amended Complaint would also add claims for relief under the due process clause of the Fourteenth Amendment (Count II), the ADA (Count V), and the Rehabilitation Act (Count VI). Ex. A at ¶¶ 96-98, 117-143 (Counts V and VI). The addition of these claims is proper because this is Mr. Sanders' first opportunity to plead them with the assistance of newly-appointed counsel, and the facts underlying the claims for relief under the

ACTIVE 234839705

Fourteenth Amendment, ADA, and Rehabilitation Act are related to those underlying the originally-pleaded claims. *Cf. Powell v. Buncich*, No. 2:11-CV-277-PPS-PRC, 2013 WL 1213138, at *2 (N.D. Ind. Mar. 25, 2013) (allowing amendment of complaint following appointment of counsel over defendant's objection because "[a]lthough Plaintiff appears to be proposing a new claim regarding the quality of medical care Plaintiff received, the facts underlying that claim will be related to those underlying the pending ADA claim.").

23.     Accordingly, Mr. Sanders seeks leave to file an Amended Complaint to add Defendants Wexford and Lashbrook; to add a procedural due process claim under the Fourteenth Amendment against Defendants Melvin and Kennedy; to reinstate his claims against Defendants Melvin, Nelson, Duckworth, Lanterman, and Kennedy for violations of the Eighth and Fourteenth Amendments and 42 U.S.C. § 1983; and to assert violations of the ADA and Rehabilitation Act against Defendant Baldwin. A proposed Amended Complaint is attached as Exhibit A.

24.     Plaintiff's counsel conferred with Defendants' counsel, and Defendants' counsel stated that Defendants do not agree to the relief requested in the motion.

## FEDERAL RULE 15 PERMITS THE PROPOSED AMENDMENT

25.     Under Federal Rule of Civil Procedure 15(a)(2), the Court "should freely give leave" to amend pleadings "when justice so requires." As the Seventh Circuit has explained, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Barry*

6

*Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)).  None of these factors are present here.

26. This is the first time Mr. Sanders has sought leave to amend.  He does not seek to amend his complaint to cause delay or postponement, but instead seeks to ensure that claims have been brought against all appropriate defendants.  Mr. Sanders only obtained counsel on May 15, 2018, and only mooted the "three strikes" provision of Section 1915 by paying the filing fee earlier this month.  Thereafter, he moved as soon as practicable to gather information about his claims, redraft his pleading, and advise the Court and opposing counsel of the proposed amendment.  *Cf. Lyons v. Cook Cty.*, No. 14 C 6361, 2015 WL 6673901, at *2-3 (N.D. Ill. Oct. 30, 2015) (finding no undue delay where plaintiff sought amendment more than one year after initiating action and nearly two years after incident giving rise to action, and noting that "the Seventh Circuit has specified that the focus of the analysis should be on the moving party's reasons for the delay") (citations omitted); *Spinelli v. Monumental Life Ins. Co.*, 476 F. Supp. 2d 898, 910 (N.D. Ill. 2007) ("The delay was not undue, however, because Plaintiff was forced to retain substitute counsel, who had no role in drafting the Complaint, performing discovery, or compiling the Record.").

27. Defendants would not be prejudiced by the Amended Complaint.  The parties have engaged in minimal discovery and agreed to an extension of the previous discovery deadlines (Dkt. 64); and all Defendants should be able to respond to the Amended Complaint without any significant burden or prejudice.  *Cf. Lyons*, 2015 WL 6673901, at *3 (finding no undue prejudice where motion to amend was filed after briefing schedule for summary judgment had been set and addition of new claims may have affected that schedule, but discovery was still open).

ACTIVE 234839705

28.     Finally, the Amended Complaint will not be futile. A proposed amendment may be denied for futility only if it would not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Ill. Mine Subsidence Ins. Fund v. Union Pac. R.R. Co.*, No. 17-CV-3199, 2018 WL 1762207, at *2 (C.D. Ill. Apr. 11, 2018) (citing *Runnion ex rel. v. Girl Scouts of Greater Chicago and Nw. Ind.*, 786 F.3d 510, 526 (7th Cir. 2015)). Thus, in order to avoid a finding of futility, the Amended Complaint need only "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, the pleading need only provide the defendant fair notice of what the claim is and the grounds upon which it rests. *George v. Smith*, 507 F.3d 605, 608 (7th Cir. 2007); *see also Airborne Beepers & Video, Inc. v. AT&T Mobility, LLC*, 499 F.3d 663, 667 (7th Cir. 2007) (noting dismissal under Rule 12(b)(6) is appropriate only when "the factual detail in a complaint [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8").

29.     Here, the proposed Amended Complaint contains factual allegations that are more than sufficient to survive a motion to dismiss. As to his claims arising under the Eighth and Fourteenth Amendments, Mr. Sanders "has adequately alleged that there were systemic problems at [Pontiac] and that [Defendants were] "part of those problems." *Brandon v. Smith*, No. 06-1316, 2008 WL 879444, at *2 (C.D. Ill. Mar. 28, 2008) (denying motion to dismiss § 1983 claim against entity that provided medical service for jail).

30.     As to his procedural due process claim, Mr. Sanders has alleged that "(1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was

ACTIVE 234839705

afforded upon that deprivation were constitutionally deficient." *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007) (citing *Rowe v. DeBruyn*, 17 F.3d 1047, 20152 (7th Cir. 1994)). Specifically, Mr. Sanders has alleged that Defendants imposed an "atypical and significant hardship" on him by, *inter alia*, subjecting him to solitary confinement for more than eight years, denying him "many privileges and basic life necessities[,]" and failing to provide an explanation or meaningful opportunity to challenge the imposition of these hardships. *Davis v. Baldwin*, Case No. 16-cv-600-SCW, 2017 WL 951406, at *5-6 (S.D. Ill. Mar. 10, 2017) (denying motion to dismiss procedural due process claim).

31.     As to his claim arising under the ADA and Rehabilitation Act, Mr. Sanders has pleaded "(1) that he suffers from a disability as defined in the statutes, (2) that he is qualified to participate in the program in question, and (3) that he was either excluded from participating in or denied the benefit of that program based on his disability." *Novak v. Bd. of Trustees of S. Ill. Univ.*, 777 F.3d 966, 974 (7th Cir. 2015); *see also Corbin v. Indiana*, No. 3:16CV602-PPS/MGG, 2018 WL 1920711, at *2-4 (N.D. Ind. Apr. 23, 2018) (denying motion to dismiss ADA and Rehabilitation Act claims where plaintiff alleged he was deprived of access to medical services while placed in solitary confinement, even where plaintiff's complaint was "quite bare on the causation point[.]").

32.     In sum, the interests of justice favor granting Mr. Sanders leave to file an Amended Complaint. There has been no undue delay, amendment would not be futile, and "any prejudice to the Defendants from granting the motions is not undue and does not override the liberal thrust of Rule 15." *Garner v. City of Country Club Hills, Ill.*, Case Nos.: 11–cv–05164, 11–cv–05766, 2013 WL 6730184, at *3 (N.D. Ill. Dec. 20, 2013).

ACTIVE 234839705

WHEREFORE, Mr. Sanders respectfully requests this Court enter an order granting Mr. Sanders leave to file the Amended Complaint attached hereto as Exhibit A, and awarding any further relief the Court deems just and proper.

Dated:   August 10, 2018                     Respectfully submitted,

                                                         CORDELL SANDERS

                                                         By: *s/ Alison R. Leff*
                                                             One of His Attorneys

                                                         Alison R. Leff
                                                         SIDLEY AUSTIN LLP
                                                         One South Dearborn St.
                                                         Chicago, IL 60603
                                                         (312) 853-7000 (phone)
                                                         (312) 853-7136 (fax)
                                                         aleff@sidley.com

ACTIVE 234839705